# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **KATHERINE FAJARDO,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| **GENTZLER ELECTRICAL** § | |
| **SERVICES, INC.,** § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Katherine Fajardo hereby files this Original Complaint against Defendant Gentzler Electrical Services, Inc., for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Katherine Fajardo ("Plaintiff" or "Fajardo") is currently a citizen and resident of the State of Texas.

2. Defendant Gentzler Electrical Services, Inc., is a domestic company, with its main place of business in Dallas, Texas. Defendant may be served through its registered agent for service, Stan V. Gentzler located at 11545 Pagemill Road, Dallas, TX 75243, or wherever he may be found.

3. The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

## II. FACTUAL BACKGROUND

4. Fajardo began working for Defendant in Dallas, Texas, in November 2017.

5. Soon after her employment began, Fajardo was subjected to severe and pervasive sexual harassment in the workplace by a male co-worker. Specifically, Fajardo was forced to endure sexually inappropriate actions, which included, but were not limited to, (a) sexual advances, (b) unwanted intentional sexual touching/groping – including touching her buttocks and thigh and attempting to touch her vagina, and (c) lewd sexual comments.

6. A few examples of this conduct including the following:

- "If I wasn't married, I would marry you."
- "You deserve a man who knows how to treat you and give you what you need."
- "Your problem is that you never had a real man, I'm a real man."
- "Your butt is so nice and juicy, I just want to grab it."
- "You want to be with me I know you do.'"
- "I want you so bad."
- "I can tell you love sex too much."
- "You are a bad girl Katherine."
- "Nobody has to know but me and you."
- "Nobody will believe you if you say something to the office."
- "You make me so horny my stomach hurts."
- "Look what you did, you made me wet myself."
- "I want to have sex with you Katherine."
- "I want to know what you taste like, when are you going to let me taste you."
- Continuously grabbing Fajardo's hand and not letting go when he would hand her materials.
- Grabbing her left thigh and squeezing it under her buttocks.
- Several brushes against her buttocks when passing by.
- Asking Fajardo to touch his penis then trying to put his hand between her legs.

7. In December 2017, Fajardo reported this sexually harassing behavior to the Superintendent and Foreman; however, nothing was done to remedy the sexual harassment; rather, the sexual harassment by this co-worker intensified.

___

PLAINTIFF'S ORIGINAL PETITION                                                                 PAGE 2

8. In late December 2017 or early January 2018, Fajardo reported the harassment to the Superintendent and Foreman again. It was also reported to the Safety Director. Unfortunately, the Safety Director was good friends with this harassing co-worker.

9. Soon after reporting the harassment, Defendant began retaliating against Fajardo in several different ways, likely in an attempt to get Fajardo to quit. She was put on menial job tasks, including trash duty, instead of the advanced electrical work that she had been doing prior to her reports. She was transferred to another job site that was over an hour away from her home. She received a written warning for missing work due to an illness, despite following the proper procedures.

10. On or about April 4, 2018, the Safety Director (and good friend of the harasser) terminated Fajardo's employment. He claimed Fajardo was terminated for failing to report a workplace injury, but this excuse was false and unworthy of credence as Fajardo properly reported her workplace injury to her lead and her foreman a month prior.

11. It is clear this excuse was mere pretext as Fajardo was terminated from her position in retaliation for making complaints of sexual harassment in violation of Title VII.

12. Fajardo filed a Charge of Discrimination, ("Charge") with the Equal Employment Opportunity Commission, ("EEOC"), on or about May 9, 2018. This Charge alleged sexual harassment and illegal retaliation. Fajardo received her Notice of Right to Sue from the EEOC on September 28, 2020.

## III. CAUSE OF ACTION

### A. <u>VIOLATION OF TITLE VII</u>

13. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 2 as if fully stated herein.

14. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under Title VII.

15. Plaintiff's sexual harassment and illegal retaliation claims under the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§2000e *et. seq.* ("Title VII"), are being commenced within the required statutory time limits of Title VII, in that (a) the charge was filed within 300 days of the harassment/discrimination/termination, and (b) this lawsuit is being filed within 90 days of receiving the Notice of Right to Sue issued by the EEOC, which was received on September 29, 2020.

16. Defendant is all considered to be an "employer" as defined by Title VII.

17. Plaintiff is an "employee" as defined by Title VII.

18. As discussed above, during the time that Plaintiff was employed by Defendant, she was subjected to illegal-sexual harassment, and this sexually hostile work environment affected the terms and conditions of Plaintiff's employment.

19. Plaintiff was also subjected to retaliation by Defendant for engaging in protected activity as defined by Title VII, which affected the terms and conditions of Plaintiff's employment, and ultimately led to Plaintiff being terminated.

20. Defendant did not have adequate policies or procedures in place to address the sexual harassment and retaliation, nor did it implement prompt remedial measures.

21. As described above, Defendant intentionally and willfully violated Title VII by allowing the sexual harassment, and retaliating against Plaintiff for complaining about same.

22. In sexually harassing and illegally retaliating against Plaintiff, Defendant acted with malice and/or reckless indifference to the statutory-protected rights of Plaintiff.

23. As a result of Defendant's willful violations of Title VII, Plaintiff has suffered mental trauma, actual damages in the form of lost wages and benefits (past and future), and other losses.

### IV. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

### V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits, (both past and future), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law, (including mental anguish and loss of enjoyment of life);

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. An order that Defendant take such other and further actions as may be necessary to redress its violation of the law, including injunctive relief;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees; and

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

*/s/ Megan Dixon*
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**BRAZIEL | DIXON, LLP**
1910 Pacific Ave. Ste. 12000
Box 220
Dallas, Texas 75201
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEY FOR PLAINTIFF**